**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use of BOMBARD MECHANICAL, LLC,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>ALLIANCE MECHANICAL, INC., et al.,<br><br>　　　　Defendant(s). | 2:12-CV-1088 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff United States' motion for entry of clerk's default, (doc. #29) against defendant Alliance/Penta, a joint venture ("defendant Alliance/Penta").

**I.    Background**

On June 25, 2012, plaintiff filed its complaint. (Doc. #1). On September 17, 2012, plaintiff filed a motion seeking an enlargement of time to serve defendant and to serve defendant Alliance/Penta by way of publication. (Docs. #16, #17). Both of these motions were granted by the magistrate judge.[1] (Doc. #18).

In conjunction with the instant motion, plaintiff's counsel filed an affidavit swearing that service by publication was issued upon defendant Alliance/Penta on five separate dates and that more

---

[1] The magistrate judge granted a 60-day extension to complete service under Fed.R.Civ.P. 4, extending the deadline to December 24, 2012. (Doc. #18, 4:3-4).

**James C. Mahan**
**U.S. District Judge**

1  than 21 days had elapsed without a response. (Doc. #29, 2:1-7).

**II.  Legal Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A motion is not necessary.

However, in order to show that clerk's default is appropriate, proof of service by publication is required and must comply with Nev.R.Civ.P. 4(g)(3)-(4).[2] *See* FED.R.CIV.P. 4(h)(1)(a); (*see* doc. #18, 3:2-27).

**III.  Discussion**

Here, plaintiff is asking for entry of clerk's default. However, its proof of service by publication is insufficient. *See* NEV.R.CIV.P. 4(g)(3). The aforementioned affidavit from the plaintiff's attorney is not adequate. (Doc. #29).[3] Provided that plaintiff has failed to provide proper proof of service and the deadline to do so has expired, defendant Alliance/Penta is dismissed under Fed. R. Civ. P. 4.[4]

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for entry of clerk's default (doc. #29) be, and the same hereby is, DENIED.

. . .

. . .

. . .

---

[2] Rules 4(g)(3)-(4) of the NRCP require that: "(3) In case of publication, the affidavit of the publisher, foreman or principal clerk, or other employee having knowledge thereof, showing the same, and an affidavit of a deposit of a copy of the summons in the post office, if the same shall have been deposited; or, (4) The written admission of the defendant."

[3] Rather, an "affidavit of the publisher, foreman or principal clerk, or other employee having knowledge thereof, showing the same," was required. NEV.R.CIV.P. 4(g)(3).

[4] Federal Rule of Civil Procedure 4(m) requires that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS FURTHER ORDERED that the above-captioned case be, and the same hereby is,
2  DISMISSED without prejudice as to defendant Alliance/Penta.
3  DATED February 7, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -