1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   THE UNITED STATES OF AMERICA
    for the use of BOMBARD
9   MECHANICAL, LLC,

10              Plaintiff(s),

11   v.

12   ALLIANCE MECHANICAL, INC., et
13   al.,

14              Defendant(s).

15

2:12-CV-1088 JCM (CWH)

16              **ORDER**

17          Presently before the court is plaintiff United States' motion for reconsideration under FRCP

18   60(b). (Doc. #33). No response has been filed.

19   **I.   Background**

20          On June 25, 2012, plaintiff filed its complaint. (Doc. #1). On September 17, 2012, plaintiff

21   filed a motion seeking an enlargement of time to serve defendant Alliance/Penta, a joint venture, and

22   to serve defendant by way of publication. (Docs. #16, #17). Both of these motions were granted by

23   the magistrate judge.[1] (Doc. #18).

24          On November 16, 2012 plaintiff moved for the entry of a clerk's default against defendant

25   Alliance/Penta. (Doc. #29). However, due to improper proof of service and the expiration of the

26

27          ─────────────────

   [1] The magistrate judge granted a 60-day extension to complete service under Fed.R.Civ.P. 4, extending the
28   deadline to December 24, 2012. (Doc. #18, 4:3-4).

**James C. Mahan**
**U.S. District Judge**

1  deadline to file such proof, the motion was denied and defendant Alliance/Penta was dismissed

2  without prejudice. (Doc. #32).

3      Plaintiff now moves for reconsideration of that dismissal based on excusable neglect and/or

4  mistake under FRCP 60(b). (Doc. #33, 3:2-3). Plaintiff claims he failed to attach the affidavit of

5  publication, which is attached to the instant motion, because he believed "that the publisher would

6  file the affidavit with the [c]ourt." (Doc. #33, 3:7-8).

7      Plaintiff's mistaken belief that the publisher would file the affidavit with the court was based

8  on three factors. First, plaintiff is accustomed to practicing in state court. (Doc. #33, 3:9). Second,

9  plaintiff used the same publisher it used here for many years, and in state court the publisher files

10  the affidavit of publication automatically with the court. (Doc. #33, 3:9-12). Lastly, plaintiff did not

11  discover that the publisher does not file the affidavit of publication automatically at the federal level

12  until it contacted the publisher after receiving the court's order. (Doc. #33, 3:12-15).

13      **II.    Legal Standard**

14      Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only

15  in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

16  discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6)

17  any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir.

18  2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting

19  that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

20      Excusable neglect is a flexible and equitable concept taking into account all relevant

21  surrounding circumstances of the party's omission including at least four factors: "(1) the danger of

22  prejudice to the opposing party; (2) the length of the delay and its potential impact on the

23  proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*

24  *v. U.S. Postal Service,* 231 F.3d 1220, 23-24 (9th Cir. 2000); *see also Pioneer Investment Services*

25  *Co. v. Brunswick Associates Limited* Partnership, 507 U.S. 380, 392, 395 (1993) (created the four

26  part equitable test for determining excusable neglect outlined above); *see also Committee for Idaho's*

27  *High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (applied *Pioneer's* excusable neglect test

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   to Fed.R.Civ.P. 6(b)); *see also Briones v. Rivera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997)

2   (applied *Pioneer's* excusable neglect equitable test to Fed.R.Civ.P. 60(b)'s excusable neglect

3   exception).

4   **III.    Discussion**

5           The court analyzes the present instant motion under the four part excusable neglect test.

6           Allowing for reconsideration will not prejudice defendant, as it has not yet responded to

7   service.

8           The length of delay is significant. The court extended the deadline for completion of service

9   to December 24, 2012. (*See* doc. #18). That was nearly 50 days ago. Further, it has been more than

10  120 days since the complaint was filed.[2] (Doc. #1); *see also* FED.R.CIV.P. 4(m).

11          However, the court finds plaintiff's reason for delay sufficient to warrant reconsideration.

12  Excusable neglect encompasses "omissions caused by carelessness." *Lemoge v. U.S.*, 587 F.3d 1188,

13  1192 (9th Cir 2009)(quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 394). Plaintiff's unfamiliarity with

14  the publisher's filing practices in this court and its failure to confirm whether the affidavit of

15  publication was filed falls within an omission "caused by carelessness." *Id.*

16          Last, there is no evidence that plaintiff acted in bad faith.

17          Therefore, in weighing these factors and given the flexible standard of excusable neglect, the

18  court grants plaintiff's motion. Analysis under mistake is unnecessary.

19  **IV.    Conclusion**

20          Accordingly,

21          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

22  reconsideration (doc. #33) be, and the same hereby is, GRANTED.

23  . . .

24  . . .

25  . . .

26  . . .

27  _____

28      [2] The complaint was filed on June 25, 2012. (Doc. #1).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (doc. #29)

2  be, and the same hereby is, GRANTED as to defendant Alliance/Penta .[3]

3    DATED March 15, 2013.

4

5    _____
     **UNITED STATES DISTRICT JUDGE**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28
[3] Plaintiff has filed proper proof of service. (*See* doc. # 34).

**James C. Mahan**
**U.S. District Judge**                                - 4 -