# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use of BOMBARD MECHANICAL, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>ALLIANCE MECHANICAL, INC., et al.,<br><br>Defendant(s). | 2:12-CV-1088 JCM (CWH) |

## ORDER

Presently before the court is plaintiff United States of America (for the use of Bombard Mechanical, LLC)'s motion for summary judgment (Doc. # 43). Defendants did not file a response.

**I.    Background**

This action arises out of the construction of a V.A. hospital located at 6900 N. Pecos Drive, North Las Vegas, Nevada. The general contractor on the project was Clark/Hunt, JV - Nevada (hereinafter "Clark/Hunt"), which entered into separate subcontracts with defendants Alliance Mechanical, Inc. and Alliance/Penta, A JV, for various portions of the project. Defendants Alliance Mechanical and Alliance/Penta each entered into subcontracts with Bombard Mechanical, LLC ("Bombard").

Because the project was federally owned and funded, each contractor was required to secure payment and performance bonds pursuant to 40 U.S.C. §§ 3131-3134 ("the Miller Act"). The bonds

**James C. Mahan**
**U.S. District Judge**

were obtained by the respective contractors in accordance with the Miller Act.

Plaintiff claims that Bombard performed its work under the contract, that the VA Hospital is currently operating, and that no complaints are outstanding as to Bombard's performance. Defendants have provided no evidence that there were any problems with Bombard's labor, materials, or workmanship.

Plaintiff alleges that defendants and their respective bonding companies have not paid Bombard. The reasons given for non-payment are unrelated to the services that Bombard provided under the contract.

Plaintiff states that the reason defendants refuse to pay is a conflict between defendants and Insulation Maintenance & Contracting, LLC ("IMC"). Plaintiff subcontracted with IMC to provide insulation services for the V.A. hospital project. An employee or employees of IMC complained to the Department of Labor regarding wages. Because Bombard had subcontracted with IMC, Bombard became liable for IMC's penalties. Defendants Alliance Mechanical and Alliance/Penta have withheld payment due to the possibility that penalties will be assessed against Bombard.

IMC is now defunct, and defendants have not requested any discovery in this case following the initial disclosures. Plaintiff asserts causes of action for breach of contract and claims on payment bonds against defendants.

## II.     Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.

In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is

**James C. Mahan**
**U.S. District Judge**

merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Analysis

After thoroughly reviewing the record in this case, the court finds that summary judgment is not appropriate. While plaintiff has *alleged* that it had a formal contract with defendants to provide its construction services in exchange for payment, plaintiff has failed to submit evidence directly showing that it had a contract with defendants.

While plaintiff's filings make it seem as if plaintiff possesses documents that show the terms of the contract, it has failed to attach these as exhibits to its filings. Similarly, plaintiff provides no specific documentation relating to the payment bonds at issue in this case.

Because the existence and terms of the contract as well as the payment bonds are essential to plaintiff's claims, the court cannot award summary judgment in plaintiff's favor unless it provides substantial evidence relating to the contract and bonds. As such, the court will deny plaintiff's motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment (doc. # 43) be, and the same hereby is, DENIED.

DATED February 18, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**